IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALMUMINUM MARROW, | No. 4:25-CV-01569 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN FCI SCHUYLKILL, | |
| Respondent. | |

MEMORANDUM OPINION

JANUARY 30, 2026

Almuminum Marrow filed the instant *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 while confined at the Federal Correctional Institution, Schuylkill, in Minersville, Pennsylvania.  He asserts that the Federal Bureau of Prisons (BOP) failed to appropriately apply prior jail credit to his federal sentence.  Because Marrow is not entitled to the prior jail credit he seeks, the Court will deny his Section 2241 petition without prejudice to his right to seek alternative relief through BOP Program Statement 5160.05 regarding designation of a state institution for concurrent service of a federal sentence.

I.   BACKGROUND

On September 9, 2020, Marrow was arrested by New Jersey authorities and charged with, among other things, resisting arrest and eluding law enforcement while operating a motor vehicle after instruction to stop, in violation of N.J. STAT.

A**nn**. § 2C:29-2(b) (case number W-2020-00178-0722).[1] He was granted pretrial release on non-monetary conditions the following day and was released from pretrial detention on September 11, 2020.[2] However, on August 1, 2021, Marrow was arrested again in New Jersey for receiving stolen property, obstructing the administration of law, prohibited weapons, and unlawful possession of a weapon (case number W-2021-007995-0714).[3] This time, Marrow was ordered detained during pretrial proceedings.[4]

Marrow was held in pretrial detention at Essex County Correctional Facility in Newark, New Jersey from August 3, 2021, to June 20, 2024.[5] During this time, a federal grand jury indicted Marrow for possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1).[6] As required for the prosecution of his federal case, federal authorities "borrowed" Marrow on multiple occasions, *i.e.*, he was taken into temporary federal custody on mostly same-day writs of habeas corpus *ad prosequendum*.[7]

---

1   *See* Doc. 15-5 at 2.
2   *See id.* at 4, 16-19.
3   *See id.* at 5.
4   *See id.* at 20-21.
5   *See id.* at 4; Doc. 15-6 at 4.
6   *See United States v. Marrow*, No. 2:22-CR-00401, Doc. 3 (D.N.J. June 9, 2022).
7   *See* Doc. 15-6 at 3; *Davis v. Sniezek*, 403 F. App'x 738, 740 (3d Cir. 2010) (nonprecedential) ("A state prisoner transferred to federal custody under a writ *ad prosequendum* to answer federal charges is considered 'on loan' to federal authorities and remains in primary custody of the state 'unless and until the first sovereign relinquishes jurisdiction.'" (quoting *Ruggiano v. Reish*, 307 F.3d 121, 125 n.1 (3d Cir. 2002), *superseded in part on other grounds by* U.S.S.G. § 5G1.3 App. Note 3(E) (2003))).

Marrow eventually pled guilty to the Section 922(g) offense on November 7, 2023,[8] and on June 20, 2024, he was sentenced by the United States District Court for the District of New Jersey to a term of 45 months' incarceration.[9] The BOP credited him with five days' prior jail credit, from August 1, 2021, to August 2, 2021, and from June 21, 2024, to June 23, 2024,[10] and began running his 45-month sentence on June 24, 2024.[11]

While his federal criminal case was pending, New Jersey officials dismissed his related state criminal case for the August 2021 stolen property and firearm offenses (case number W-2021-007995-0714) on March 3, 2022.[12] Then, on June 24, 2024, the Superior Court of New Jersey sentenced Marrow to time served on his guilty plea to the September 2020 offense of resisting arrest and eluding law enforcement while operating a motor vehicle (case number W-2020-00178-0722).[13] The time-served sentence credited Marrow with 1056 days spent in custody from September 9, 2020, through September 11, 2020, and August 3, 2021, through June 20, 2024,[14] and the sentence was ordered to run concurrent to his federal sentence.[15]

---

[8] *See Marrow*, No. 2:22-CR-00401, Doc. 23 (D.N.J. Nov. 7, 2023).
[9] *Id.*, Doc. 32 (D.N.J. June 24, 2024) (noting that sentence was pronounced on June 20, 2024).
[10] *See* Doc. 15-8 at 4.
[11] *See id.*
[12] *See* Doc. 15-5 at 5-7.
[13] *See id.* at 2-4.
[14] *See id.* at 4.
[15] *See id.* at 2.

On October 15, 2024, Marrow lodged a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the District of New Jersey (the federal sentencing court), challenging his sentence calculation.[16] In August 2025, the District of New Jersey construed Marrow's Section 2255 motion as a habeas petition under 28 U.S.C. § 2241 and transferred the petition to this Court—Marrow's district of confinement.[17]

Marrow's petition contains very little explanation or argument. He appears to contend that the BOP has improperly calculated his sentence by failing to credit him with the 38 months he spent (mostly) in pretrial detention from "Aug[ust] 2, 2021, to Oct[ober] 1[], 2024," referring to this time as "Federal Custody."[18]

The government timely responded to Marrow's petition, maintaining that his federal sentence has been correctly calculated.[19] Marrow did not file a traverse and the time for doing so has passed. Accordingly, his Section 2241 petition is ripe for disposition.

## II.   DISCUSSION

As best as the Court can discern, Marrow believes that he was in "[f]ederal [c]ustody" from August 2021 to June 2024 based on the firearms charges, and thus

---

[16] *See generally* Doc. 1.
[17] *See generally* Doc. 2.
[18] *See* Doc. 1 at 4.
[19] *See generally* Doc. 15.

that presentence time should be credited to his 45-month federal sentence for the Section 922(g) offense.[20] Marrow is incorrect on both points.

The record is clear that Marrow was first arrested and taken into custody by *state* authorities for the August 2021 incident involving receipt of stolen property and firearms offenses. Indeed, it was a New Jersey state court that denied his release from pretrial detention on bail or non-monetary conditions. "The sovereign that first acquires custody of a defendant is entitled to custody until any sentence imposed is served."[21] Marrow was only transferred to temporary federal custody when he was "borrowed" on mostly same-day writs of habeas corpus *ad prosequendum* for various proceedings in federal court. Those temporary transfers did not affect the state's primary custodial jurisdiction over him.[22] Rather, New Jersey's primary custody was not relinquished until Marrow was sentenced to time served with an end-date of June 20, 2024, *i.e.*, the date when his state obligation was satisfied.[23]

More importantly, Congress has expressly determined that the time Marrow spent in state detention from August 3, 2021, to June 20, 2024—presentence time

---

[20] *See* Doc. 1 at 4; Doc. 1-1.
[21] *Allen v. Nash*, 236 F. App'x 779, 783 (3d Cir. 2007) (nonprecedential) (citing *Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922)).
[22] *See Rios v. Wiley*, 201 F.3d 257, 275 (3d Cir. 2000) (explaining that writ of habeas corpus *ad prosequendum* "merely 'loans' the [state] prisoner to the federal authorities"), *superseded on other grounds as stated in United States v. Saintville*, 218 F.3d 246, 249 (3d Cir. 2000).
[23] *See Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa. 1996).

that was applied to his state sentence for the September 2020 offense of resisting arrest and eluding law enforcement while operating a motor vehicle (case number W-2020-00178-0722)—cannot also be applied as prior jail credit to his federal sentence. Section 3585(b) of Title 18 of the United States Code explicitly states, in pertinent part:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . *that has not been credited against another sentence.*[24]

Under the plain language of Section 3585(b), Marrow is not entitled to prior custody credit for his time in state pretrial detention from August 3, 2021, to June 20, 2024, because that time has been credited to his state sentence in case number W-2020-00178-0722. And the other few days that are not covered by the state sentence in case number W-2020-00178-0722 (August 1 to August 2, 2021, and June 21 to June 23, 2024) have been properly credited to Marrow's federal sentence.

This is not the end of the matter. While Marrow may not be entitled to prior custody credit under Section 3585(b), he may be eligible to have the BOP designate as his place of federal confinement—nunc pro tunc—the state institution

---

[24] 18 U.S.C. § 3585(b) (emphasis added); *see Rios*, 201 F.3d at 273 (noting that Congress "made clear in section 3585(b) that a defendant could not receive double credit for his detention time" (citing *United States v. Wilson*, 503 U.S. 329, 337 (1992))).

where he served his state sentence. BOP Program Statement 5160.05 provides that when a federal sentence is imposed before a state sentence and the state court clearly intends that its sentence is to run concurrent to the federal sentence, a federal inmate may seek nunc pro tunc designation of the state institution for concurrent service of his federal sentence.[25]

Here, the circumstances of Marrow's state and federal sentences appear to permit him to seek such nunc pro tunc designation. Marrow was sentenced in federal court on June 20, 2024, to 45 months' incarceration for his Section 922(g) offense. At that time, because his related state charges for the August 2021 firearms violations had been dismissed and he had not yet been sentenced for his unrelated September 2020 offenses, the federal court had no authority to order its term of imprisonment to run concurrently with a state sentence that may be imposed in the future.[26] Four days later, the Superior Court of New Jersey sentenced Marrow to time served on the September 2020 offense and specifically ordered that this sentence was "to run concurrent" to his current "Federal sentence."[27] Although this state-court order is not binding on the federal court or

---

[25] *See* U.S. Dep't of Justice, Fed. Bureau of Prisons, *Program Statement 5160.05 Designation of State Institution for Service of Federal Sentence*, ¶ 9(4) (2003); *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990).

[26] *See Barden*, 921 F.2d at 484 (noting that federal sentencing court "not only was unable to order concurrency because it sentenced [Petitioner] before the state did but was actually powerless to do so" (citation omitted)); *Trice v. Grondolsky*, Civ. No. 08-2968 (NLH), 2009 WL 3152116, at *5 (D.N.J. Sept. 25, 2009) (collecting cases).

[27] Doc. 15-5 at 2.

the BOP,[28] it is a factor to be considered by the BOP and the federal sentencing court when reviewing a federal inmate's request for nunc pro tunc designation.[29]

In sum, while Marrow may not be entitled to prior custody credit under Section 3585(b), he may be eligible to have the BOP designate—nunc pro tunc—his state institution as his federal place of confinement for his federal sentence, thereby altering his current sentencing calculations. Marrow's Section 2241 petition will be denied without prejudice to his right to seek such nunc pro tunc designation through the BOP.

### III. CONCLUSION

For the foregoing reasons, the Court will deny Marrow's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Marrow, however, may seek nunc pro tunc designation of a state institution for concurrent service of a federal sentence as more fully described in BOP Program Statement 5160.05 and *Barden v. Keohane*. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[28] *See Barden*, 921 F.2d at 478 n.4 ("We recognize that neither the federal courts nor the [BOP] are bound in any way by the state court's direction that the state and federal sentences run concurrently." (citing U.S. Const. art. VI, cl. 2)); *Del Guzzi v. United States*, 980 F.2d 1269, 1272-73 (9th Cir. 1992).

[29] *See* BOP *Program Statement 5160.05*, ¶ 9(4)(b); *Barden*, 921 F.2d at 483.